NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CRAIG CARTER,                          :
                                       :    Civil Action No. 05-3032 (JBS)
            Petitioner,                :
                                       :
       v.                              :    **OPINION**
                                       :
DONALD E. LEWIS, et al.,               :
                                       :
            Respondents.               :


**APPEARANCES:**

    CRAIG CARTER, Petitioner Pro Se
    #838202A/64123
    Bayside State Prison
    4293 Rt. 47
    Leesburg, New Jersey 08327

    ALEXIS REBECCA AGRE, ESQ.
    Office of the Burlington County Prosecutor
    New Courts Facility
    40 Rancocas Road
    Mount Holly, New Jersey 08060
    Counsel for Respondents


**SIMANDLE**, District Judge

   This matter is before the Court on Petitioner Craig Carter's petition for habeas corpus relief under 28 U.S.C. § 2254.  For reasons discussed below, the habeas petition will be dismissed as time-barred under 28 U.S.C. § 2244(d).

I.   PROCEDURAL BACKGROUND

On or about July 6, 1979, petitioner, Craig Carter ("Carter"), was indicted by a Burlington County Grand Jury on four separate indictments.  The first indictment charged Carter with murder, and the next three indictments charged him with separate acts of robbery and armed robbery, and one count of conspiracy.  Pretrial Wade[1] and Miranda[2] hearings were held on January 28 and 29, 1980 to determine the admissibility of Carter's statements.  The judge ruled that Carter's confession would be admissible at trial.  Therefore, on January 31, 1980, Carter retracted his initial plea of not guilty, and entered a guilty plea to all charges except Count Two of the first indictment for murder while armed.  In exchange for the guilty plea, the State agreed to recommend that all sentences run concurrently.  The judge held that Carter's plea was entered into voluntarily.

Carter was sentenced on April 17, 1980 to life imprisonment on the murder charge, one to five years on the multiple robbery charges, five to seven years on one count of robbery, and one to three years on the conspiracy count.  The sentences were to be served concurrently.  The judgment of conviction was filed on April 21, 1980.

---

[1]   United States v. Wade, 388 U.S. 218 (1967).

[2]   Miranda v. Arizona, 384 U.S. 436 (1966).

Carter filed a direct appeal from his sentence to the New Jersey Appellate Division, claiming that the sentence was manifestly excessive.  On December 17, 1981, the Appellate Division held that the sentence was not excessive and did not constitute an abuse of judicial discretion.  However, the court did remand the matter to the trial court to vacate the armed robbery concurrent sentences since they merged into the felony murder count that was dismissed.  An amended judgment of conviction was filed on January 4, 1982.  Carter did not file a petition for review by the New Jersey Supreme Court.

On November 15, 1982, Carter filed a petition for post-conviction relief ("PCR") in state court.  He argued that the trial court, his trial counsel, and the prosecutor misrepresented his plea agreement, and therefore, his guilty plea was not entered into knowingly, intelligently, and voluntarily.  Specifically, he claimed that he was under the belief, based on their representations, that his maximum sentence exposure was thirty years in prison.  Carter filed a supplemental brief, arguing that his trial counsel was ineffective in violation of his Sixth Amendment rights.  A hearing on the state PCR petition was conducted, and the court denied relief on the ground that petitioner's claims were meritless.  An order was entered on January 17, 1984.

Carter appealed this denial of his state PCR petition to the New Jersey Appellate Division.  The Appellate Division affirmed the trial court's decision denying post-conviction relief on April 7, 1987.  The New Jersey Supreme Court denied certification on June 24, 1987.

Carter did not file his federal habeas petition until June 14, 2005, almost eight years after the statute of limitations had expired.  The State filed an answer to the petition, with the relevant record, on February 17, 2006, raising the affirmative defense that the petition is time-barred under 28 U.S.C. § 2244(d).  Petitioner has not responded to the respondents' time-bar argument.

## II.  STATEMENT OF CLAIMS

In his federal habeas petition, Carter asserts that his guilty plea was not knowing, intelligent, or voluntary, and that he received ineffective assistance of trial counsel.

The State answered the petition asserting the affirmative defense that the habeas petition is time-barred under 28 U.S.C. § 2244(d)(1).  The State also contends that petitioner failed to exhaust all available state court remedies.  Finally, the State argues that petitioner's grounds for habeas relief are without merit or fail to state a claim of federal constitutional deprivation.

4

### III. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### IV. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J.

5

1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that

6

limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[4]  However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id.  There are three enumerated circumstances that would permit equitable tolling in the instant case:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159.  The Third Circuit has expressly held that, in non-capital cases, attorney

---

[4]   Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Carter's judgment of conviction became final in 1982, well before the enactment of AEDPA.  Thus, Carter's one-year limitations period commenced on the effective date of AEDPA, or April 24, 1996, and he had one year from that date, or until

9

April 24, 1997, to file his federal habeas petition.  See Lindh, 521 U.S. at 326-27; Burns, 134 F.3d at 111.

The Court also finds that there was no statutory tolling of the limitations period under § 2244(d)(2) before April 24, 1997.  Carter filed his state PCR application in 1982, well before AEDPA became effective.  His appeal of the denial of his state PCR petition became final on June 24, 1987, when the New Jersey Supreme Court denied certification, long before AEDPA became effective.  Carter did not file any other state PCR petition after 1987.  Thus, the one-year limitations period ran without tolling from April 24, 1996 through April 24, 1997.  Carter filed his § 2254 petition on or about June 14, 2005, eight years after the limitations period had expired on April 24, 1997.

Moreover, Carter offers no valid excuses, extraordinary or otherwise, for equitable tolling.  He fails to present any evidence to justify this significant delay of more than eight years.  He does not contend that new evidence has been discovered.  He fails to show that there was any impediment to his filing his federal habeas petition sooner than he did.  Nor does he argue that a new rule of constitutional law has been recognized by the Supreme Court and was made retroactively applicable to cases on collateral review.

Thus, at best, Carter apparently miscalculated or misunderstood the statutory period by failing to count one year

from the date AEDPA became effective.  Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244.  Moreover, even if petitioner was ignorant of the fact that the limitations period began to run on April 24, 1996 when AEDPA became effective and instituted a one-year statute of limitations in federal habeas cases, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.  Accordingly, Carter does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

Therefore, because Carter failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254.  Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

## IV.  CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability

only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE
                                          U.S. District Judge

DATED: **June 26, 2006**